**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT TERRY,                           :
                                        :   Civil Action No. 05-4644 (DRD)
         Petitioner,                    :
                                        :
         v.                             :   **OPINION**
                                        :
RONALD H. CATHEL,                       :
                                        :
         Respondent.                    :

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondent |
| Robert Terry | Theodore J. Romankow |
| New Jersey State Prison | Union Co. Prosecutor's Office |
| P.O. Box 861 | 32 Rahway Avenue |
| Trenton, NJ 08625 | Elizabeth, NJ 07202 |

**DEBEVOISE**, District Judge

    Petitioner Robert Terry, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Ronald H. Cathel.

    For the reasons stated herein, the Petition must be dismissed with prejudice as untimely.

I.  BACKGROUND

    On June 26, 1996, following a five-day trial in the Superior Court of New Jersey, Law Division, Union County, a jury convicted Petitioner of first degree murder, fourth degree aggravated assault, second degree possession of a weapon for an unlawful

purpose, and third degree unlawful possession of a weapon. Immediately thereafter, Petitioner was tried before the same jury on a separate charge of possession of a weapon by a convicted felon and was found guilty.  On October 18, 1996, the trial court entered judgment sentencing Petitioner to an aggregate term of life imprisonment plus a consecutive term of fifteen and one-half years' imprisonment, with a forty-three year parole disqualifier. (Answer, Ex. Ra1.)

On direct appeal, the Superior Court, Appellate Division, affirmed the judgments of conviction, but remanded for resentencing.[1]  (Answer, Ex. Ra1.)  The Supreme Court of New Jersey denied certification on October 15, 1998.  (Answer, Ex. Ra4.)  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner's first state petition for post-conviction relief ("PCR") was placed into the prison mail system on November 26, 1998.  (Petition, ¶ 20.)  The trial court denied the first state PCR petition on March 3, 2000.  By opinion filed April 15, 2002, the Appellate Division affirmed the denial of relief.  (Answer, Ex. Ra2.)  The Supreme Court of New Jersey denied certification on September 6, 2002.  (Answer, Ex. Ra5.)

---

[1] The Appellate Division directed that the parole disqualifier be limited to 30 years.  The record provided to this Court suggests that Petitioner did not appeal the resentencing.

Petitioner placed a second state PCR petition into the prison mail system on December 6, 2002. (Petition, ¶ 20.) The trial court denied relief on November 13, 2003, finding that the second state PCR petition was untimely. (Traverse, Ex. DA191.) On April 18, 2005, the Appellate Division affirmed the denial of relief on the ground that the second state PCR petition was untimely and, alternatively, on the merits. (Answer, Ex. Ra3.) By order filed June 22, 2005, the Supreme Court of New Jersey denied certification. (Answer, Ex. Ra6.)

This Petition, dated September 18, 2005, was received by this Court on September 26, 2005. Petitioner filed an Amended Petition on November 14, 2005. Respondent has answered and supplemented the Answer. Petitioner filed a Traverse. This matter is now ready for disposition.

## II.   28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court, shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

Petitioner challenges his conviction and sentence on numerous grounds, including alleged prosecutorial misconduct, insufficient evidence, ineffective assistance of counsel, flawed jury instructions, and erroneous evidentiary rulings. Respondent argues that this Court may not address the merits of the Petition, as it is untimely.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "<u>properly</u> filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005).  This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

6

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bring the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618,19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestions as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Respondent is correct that this Petition is untimely. Petitioner's conviction became final, and the one-year limitations period began to run, on January 13, 1999, ninety days after the Supreme Court of New Jersey denied certification on October 15, 1998. Petitioner's first motion for post-conviction

relief, filed on or about November 26, 1998, already was pending when the conviction became final.  Thus, the limitations period was statutorily tolled from the time the conviction became final until the conclusion of Petitioner's appeals from the denial of his first state petition for post-conviction relief, when the Supreme Court of New Jersey denied certification on September 6, 2002.  Because Petitioner's second state PCR petition was barred as untimely, it did not statutorily toll the statute of limitations.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed" within the meaning of AEDPA).  See also Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (where state court clearly rules that petition is untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").  Thus, the limitations period applicable to this Petition expired on September 6, 2003, one year after conclusion of proceedings in Petitioner's first state PCR petition.  This Petition dated September 18, 2005, was filed more than two years late.

   Petitioner does not allege any basis for equitable tolling "inasmuch as petitioner was in compliance with time limitations." (Traverse at 10-11.)  Because Petitioner did not pursue his

rights diligently, and no extraordinary circumstances prevented him from asserting his rights, there is no basis for equitable tolling.  The Petition is untimely.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether the Petition is time-barred.  Accordingly, no certificate of appealability shall issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice.  An appropriate Order follows.


　　　　　　　　　　　　　　　　　　 **/s/ Dickinson R. Debevoise**
　　　　　　　　　　　　　　　　　　Dickinson R. Debevoise
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: August 16, 2006